# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| LORNE VERNAE STONE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV608-088 |
| HUGH SMITH, DR. TOMMY LEE JONES, and DR. GILBERT GONZALEZ, | ) ) ) ) ) | |
| Defendants. | ) | |

## AMENDED REPORT AND RECOMMENDATION

Following the entry of the Report and Recommendation ("R&R") recommending the dismissal of this case for failure to state a claim for relief, (Doc. 15), plaintiff moved for the voluntary dismissal of his action under Rule 41 of the Federal Rules of Civil Procedure. (Doc. 19.) For the reasons that follow, plaintiff's motion should be **DENIED** and the complaint should be **DISMISSED** pursuant to the original R&R.

Rule 41(a)(1) states that a "plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Plaintiff's

complaint has not yet been served, much less answered. Thus, his motion would normally be treated as a notice of dismissal, resulting in the termination of the action without any consideration of its merits. Matthews v. Gaither, 902 F.2d 877, 880 (11th Cir. 1990) (citations omitted) ("dismissal is effective immediately upon the filing of a written notice of dismissal, and . . . [t]he fact that a notice of dismissal is styled 'motion to dismiss' rather than 'notice of dismissal' is without consequence"). But plaintiff is a detainee who is subject to the provisions of the Prison Litigation Reform Act ("PLRA"), and the PLRA prevents an automatic dismissal in this case.

Congress enacted the PLRA to discourage prisoners from filing baseless lawsuits. Crawford-El v. Britton, 523 U.S. 574, 596 (1998). Specifically, Congress drafted the "three strikes" provision of 28 U.S.C. § 1915(g), which limits a prisoner's ability to proceed without the payment of a filing fee in federal court if "the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which

relief may be granted."[1] Id. This Court's prior R&R recommended that plaintiff's case be dismissed as factually frivolous, as he fancifully alleged that the Georgia Department of Corrections, "the United States Federal Government, and Organized Crime," conspired "to sterilize [his] reproductive genes." (Doc. 15; Doc. 1 at 4.)

Plaintiff's motion to dismiss was filed *after* the Court had screened his complaint pursuant to 28 U.S.C. § 1915A, found its allegations lacking, and recommended its dismissal as frivolous. Now that his trial balloon of a complaint has been punctured, plaintiff hopes to dismiss his case voluntarily before the district judge is afforded an opportunity to review and consider adopting the R&R. Through this stratagem, plaintiff endeavors to interrupt the PLRA-mandated screening process prior to accruing a strike for filing a legally insufficient complaint, thereby circumventing § 1915(g)'s three-strikes provision. As other courts have recognized, the PLRA does not permit this type of gamesmanship. "[A]llowing a prisoner to voluntarily dismiss a complaint . . . after screening has been completed [would] allow prisoners to

---

[1] A prisoner or detainee who is barred from proceeding *in forma pauperis* ("IFP") due to the "three strikes" provision of § 1915(g) must pay the complete $350 filing fee when he initiates suit. Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001).

3

frustrate Congress's intent behind enacting the PLRA." Hines v. Graham, 320 F. Supp. 2d 511, 526 (N.D. Tex. 2004); Apel v. McCool, 2007 WL 4592245, at *1 (N.D. Fla. Dec. 28, 2007); Young v. Leonard, 2006 WL 3447662, at *1 (S.D. Tex. Nov. 21, 2006); Sumner v. Tucker, 9 F. Supp. 2d 641, 644 (E.D. Va. 1998) ("It would frustrate the purpose of Section 1915(g) if an inmate was allowed to exploit this system by filing a meritless action and waiting until after it was reviewed to move for its dismissal."); see Davis v. Huskipower Outdoor Equip. Corp., 936 F.2d 193, 199 (5th Cir. 1991) (noting that it would be inappropriate to grant a plaintiff's motion to voluntarily dismiss his case "after the magistrate had considered the case and issued a comprehensive recommendation that was adverse to their position").

Considerable effort is expended by the Court in reviewing a prisoner's complaint, assessing its merits, and issuing an R&R setting out which allegations state a claim for relief and which do not. Congress has mandated that the federal courts engage in this early screening of all prisoner complaints (whether filed IFP or not), thus establishing a unique set of procedures for this class of litigants. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e. As noted above, prisoners who file repeated

civil actions that lack any legal or factual merit must pay a price for their conduct: after three such complaints, prisoners are foreclosed from filing IFP except when asserting that they are in imminent danger of serious harm. 28 U.S.C. § 1915(g). To allow prisoners to file complaint after complaint, wait until a magistrate judge has invested valuable time assessing the complaint and outlining its merits or deficiencies, and then dismiss only those complaints a magistrate judge has found wanting (while proceeding with any complaint determined to state a claim) would frustrate Congressional intent in enacting the PLRA, for it would allow prisoners to bombard the courts with frivolous or legally insufficient complaints and avoid receiving a strike for their conduct. To the extent that Rule 41(a) allows prisoners to play such a game, the PLRA's screening and three-strikes provisions trump the civil rule. In cases where a rule of procedure conflicts with a later-enacted statutory provision, the rule must give way. Gonzalez v. Sec'y for Dep't of Corr., 366 F.3d 1253, 1270 (11th Cir. 2004) ("if the earlier adopted rule is inconsistent with the later enacted statutory provision, the rule yields to the statute to the extent of the inconsistency"); Young, 2006 WL 3447662, at *1 (finding a conflict between Rule 41 and the PLRA, and

noting that the PLRA, as the more recent statute, takes precedence); see also Radnazower v. Touche Ross & Co., 426 U.S. 148, 154 (1976) (recognizing repeal by implication in such cases where provisions in two acts are in irreconcilable conflict—the later act impliedly repeals the earlier "to the extent of the conflict").

For all of the reasons explained above, plaintiff's effort to dismiss his case voluntarily, and thereby avoid a § 1915(g) strike, should be **DENIED**, and the case should be **DISMISSED** pursuant to the initial R&R.[2]

**SO REPORTED AND RECOMMENDED** this 13th day of January, 2009.

/s/ **G.R. SMITH**
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

---

[2] Stone states that his poor health and a recent prison transfer have made it difficult for him to amend his complaint to cure its deficiencies. (Doc. 19 at 2.) He may petition the Court for additional time to make an amendment, but voluntary dismissal is not appropriate at this time.